**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

A.I.I.L., et al.,

          Plaintiffs,

v.

Unknown Parties, et al.,

          Defendants.

No. CV-19-00481-TUC-JCH

**ORDER**

Before the Court is the Individual Defendants' Rule 54(b) Motion for Entry of Judgment. Doc. 103. Individual Defendants move to certify the Court's Order dismissing all claims, without leave to amend, against the Individual Defendants as a final and appealable judgment under Fed. R. Civ. P. 54(b). Doc. 103. Plaintiffs oppose the motion. Doc. 106. Individual Defendants filed a Reply. Doc. 107.

Rule 54(b)[1] permits the Court, at its discretion, to direct entry of judgment on less than all the parties or claims. Fed. R. Civ. P. 54(b). Specifically, when an action involves multiple parties, Rule 54(b) provides that a "court may direct entry of a final judgment as to one or more, but fewer than all, ... parties only if the court expressly determines that there is *no just reason for delay*." (emphasis added). The first prong is easily satisfied here

---

[1] Rule 54(b) of the Federal Rules of Civil Procedure provides:

the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

as the Court's Order fully resolved all claims against the Individual Defendants. There remains a question, however, whether there is "just reason for delay."

Two sets of considerations bear on whether there is "just reason" for delaying entry of judgment. *Jewel v. NSA*, 810 F.3d 622, 628 (9th Cir. 2015). First, courts analyze "juridical concerns," primarily whether the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to the appellate court on the same set of facts. *See id.*; *see also Wood v. GCC Bend, LLC*, 422 F.3d 873, 878–79 (9th Cir. 2005) (suggesting that the term "juridical concerns" is synonymous with "consideration of judicial administrative interests"). "This inquiry does not require the issues raised on appeal to be completely distinct from the rest of the action, so long as resolving the claims would streamline the ensuing litigation." *Jewel*, 810 F.3d at 628 (internal quotation marks omitted). Courts in the Ninth Circuit embrace a "pragmatic approach focusing on severability and efficient judicial administration." *Wood*, 422 F.3d at 880 (internal quotation marks omitted). Thus, claims may have "overlapping facts" and still be "separate for purposes of Rule 54(b)." *Id.* at 881.

Second, courts undertake an "equitable analysis." *Jewel*, 810 F.3d at 628. District courts are "encourage[d]" but not required to "make factual findings and to explain their reasons for certifying." *Id.* Under the equitable analysis, courts "focus on traditional equitable principles such as prejudice and delay." *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). For example, the Court may consider whether the timing of the entry of judgment "would inflict severe financial harm" on either side. *Wood*, 422 F.3d at 878 n.2. Rule 54(b) certification is proper if it will aid expeditious decision of the case. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797 (9th Cir. 1991) (internal quotation marks omitted). "However, Rule 54(b) certification is scrutinized to prevent piecemeal appeals in cases which should be reviewed only as single units." *Id.* at 797-98 (internal quotation marks omitted). Entry of judgment under Rule 54(b) "is not routine" in ordinary cases and "should not become so." *Wood*, 422 F.3d at 879. The Ninth Circuit has further advised that it "cannot afford the luxury of reviewing the same set of facts in a routine case more than

once without a seriously important reason." *Id.* at 882. It has also repeatedly admonished that "Rule 54(b) should be used sparingly." *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004).

Here, the Individual Defendants argue that their dismissal, based on threshold defenses including lack of personal jurisdiction, the unavailability of a *Bivens* remedy, and qualified immunity, has no overlap with respect to the remaining FTCA claims. Doc. 103 at 5. They maintain that the legal issues against the Individual Defendants are distinct and severable. *Id.* Plaintiffs respond that the proper inquiry is not whether the claims involve different legal concepts but whether claims arise from the same set of facts. Doc. 106 at 4. Plaintiffs suggest that the Ninth Circuit would have to revisit these facts if there is an appeal from the remaining FTCA claims. *Id.* at 4–5. Plaintiffs also argue that because the Individual Defendants will necessarily remain involved in this litigation by participating in FTCA discovery, Rule 54(b) certification will not promote judicial efficiency. *Id.* at 6. They further contend that certification may hinder rather than "streamline" the resolution of remaining discovery disputes not yet before the Court. *Id.* at 6.

The Court finds that the considerations weigh in Plaintiffs' favor. The underlying facts and law of the remaining claims and those asserted against the Individual Defendants are not unrelated. Plaintiffs' FTCA claims are premised on conduct by federal employees and officers including Individual Defendants. Moreover, granting certification will create two separate appeal tracks and will increase the complexity and expense of this litigation. Any hardship to the Individual Defendants caused by the entry of a single final judgment is outweighed by Plaintiffs' concerns regarding the burden of being forced to litigate piecemeal appeals while attempting to proceed in discovery on their FTCA claims. The Court will exercise its discretion and denies the Motion for Entry of Judgment under Rule 54(b). Doc. 103. Accordingly,

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS ORDERED DENYING** Individual Defendants' Motion for Entry of Final Judgment (Doc. 103).

Dated this 31st day of March, 2023.

_____
Honorable John C. Hinderaker
United States District Judge